**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 20, 2017

LETTER TO COUNSEL

RE: *Holly Pell v. Commissioner, Social Security Administration*;
Civil No. SAG-16-2948

Dear Counsel:

On August 23, 2016, Plaintiff Holly Pell petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and the supplemental briefing filed by each side. (ECF Nos. 17, 22, 24, 28). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Pell filed claims for Disability Insurance Benefits and Supplemental Security Income in the summer of 2012, originally alleging a disability onset date of March 8, 2004.[1] (Tr. 171-80). Her claims were denied initially and on reconsideration. (Tr. 60-80, 85-104). A hearing was held on May 7, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 34-59). Following that hearing, on June 19, 2015, the ALJ determined that Ms. Pell was not disabled during the relevant time frame. (Tr. 10-33). The Appeals Council denied Ms. Pell's request for review, (Tr. 2-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Pell suffered from the severe impairments of "status post right hip fusion and total hip replacement and obesity." (Tr. 16). Despite these impairments, the ALJ determined that Ms. Pell retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can do work that frequently requires balancing, stooping, kneeling and climbing ramps and stairs, occasionally requires crouching and crawling, but never requires the use of ladders, ropes or scaffolds. The claimant can perform jobs that allow her to switch between sitting and standing alternately at 30-minute

---

[1] Ms. Pell later amended her onset date to January 29, 2013, which is after her date last insured of December 31, 2009. (Tr. 191-93). Accordingly, only her claim for Supplemental Security Income remains viable.

*Holly Pell v. Commissioner, Social Security Administration*
Civil No. SAG-16-2948
July 20, 2017
Page 2

>  intervals, provided she remain on task while in either position during the work period, and she needs a cane to walk.

(Tr. 19). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Pell could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 25-26).

Ms. Pell raises three primary arguments on appeal: (1) that the ALJ failed to consider an opinion from her treating physician, Dr. Mikhail; (2) that the ALJ should have deemed her depression, knee pain, and back pain to be severe impairments; and (3) that the ALJ posed an inadequate hypothetical to the VE. In addition, in a supplemental filing, Ms. Pell argues that the ALJ did not comply with *Lewis v. Berryhill*, 858 F.3d 858 (4th Cir. 2017). I concur that the ALJ did not consider Dr. Mikhail's opinion, apparently due to a clerical error by the Social Security Administration*,* and I am therefore remanding the case. However, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Pell is not entitled to benefits is correct or incorrect.

Beginning with the successful argument, Ms. Pell alleges that the ALJ failed to consider a Medical Assessment Report ("MAR") completed by her treating physician, Dr. Mikhail, on May 6, 2015. Pl. Mot. at 12-16. According to Ms. Pell, while the Social Security Administration's index of her record reflects the inclusion of the MAR, the actual record does not contain the MAR and instead contains a duplicate opinion from a different doctor. Ms. Pell attached a copy of the missing MAR as Exhibits A and B to her motion, and the five pages bear handwritten numbers in the lower corners (page numbers 1-3 in Exhibit A and 6-7 in Exhibit B). In pertinent part, the MAR contains Dr. Mikhail's handwritten notes of Ms. Pell's diagnoses, symptoms, and physical signs through more than ten years of treatment, in addition to Dr. Mikhail's opinions about her functional capacity. Pl. Mot. Exh. A.

Inexplicably, the Commissioner contends that "the [A]gency did include Dr. Mikhail's May 6, 2015 MAR in the transcript record at pages 385-86." Def. Mot. at 14. However, even a cursory comparison of the documents shows that the Agency only included two pages (handwritten numbers 4-5), which do not contain the important analysis described above. In fact, the ALJ assigned only "little weight" to those two pages in part because Dr. Mikhail "did not cite to any treatment or examination notes or diagnostic imaging to support his opinion," (Tr. 23), even though such evidence was cited on the missing pages. Thus, Ms. Pell is correct that the Agency's recordkeeping error precluded the ALJ's consideration of the opinion of her longtime treating physician, which could be viewed to corroborate other medical evidence supporting a finding of disability. Remand is therefore warranted to permit complete consideration of the evidence of record.

However, Ms. Pell's supplemental argument, that the ALJ violated *Lewis*, is unpersuasive. In *Lewis,* the Fourth Circuit reiterated that an ALJ cannot rely exclusively on objective evidence to undermine a claimant's credibility. *See* 858 F.3d 866. In this case, the ALJ expressly found that, "[t]he subjective factors in this case are generally not persuasive."

*Holly Pell v. Commissioner, Social Security Administration*
Civil No. SAG-16-2948
July 20, 2017
Page 3

(Tr. 20). Moreover, in addition to relying on certain factors that the Fourth Circuit did not appear to find sufficient in *Lewis,* the ALJ in Ms. Pell's case expressly listed Ms. Pell's own statements that he believed to undermine her credibility. *See*, *e.g*, (Tr. 20) (noting that Ms. Pell "reported during a May 4, 2013 consultative examination that she gets along fine with others and had no trouble at work, a point she confirmed as true at the hearing."); (Tr. 21) (noting that Ms. Pell "admittedly does not need reminders, is able to count change, pay bills and follow written instructions"). Thus, the ALJ's analysis in this case satisfies the dictates of *Lewis*.

In terms of Ms. Pell's remaining arguments regarding the severity of her depression, knee pain, and back pain and the adequacy of the ALJ's hypothetical to the VE, the ALJ will have the ability to provide further explanation or to alter the hypothetical, if desired, on remand.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 17) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 22) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge